**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 1 0 2020

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JIANJIE LIU

Criminal Indictment

No.  **1:20-CR-208**

THE GRAND JURY CHARGES THAT:

## Count One
### Money Laundering Conspiracy
### (18 U.S.C. § 1956(h))

1. Beginning in or about August 2019 and continuing at least through October 2019, in the Northern District of Georgia and elsewhere, Defendant, JIANJIE LIU, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with others unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Background

At all times material to this Indictment:

2. A&J Commercial Services, Inc. was a business incorporated on or about May 22, 2017 in the state of Texas and dissolved on or about January 25, 2019. Defendant LIU was the registered agent of the business.

3. Microsoft Corporation was an American multinational technology company with headquarters in Redmond, Washington. It developed, manufactured, licensed, supported, and sold computer software, consumer electronics, personal computers, and related services.

4. Amazon.com, Inc., was an American multinational technology company with headquarters in Seattle, Washington that focused on e-commerce, cloud computing, digital streaming, and artificial intelligence.

5. The Internal Revenue Service ("IRS") was the revenue service of the United States federal government that oversees the administration and collection of federal taxes for all United States taxpayers, both individual and corporate.

6. A social security number ("SSN") was a unique nine-digit number issued to U.S. citizens, permanent residents, and temporary (working) residents that identified individuals for taxation and other purposes.

2

7. A gift card was a prepaid stored-value money card, usually issued by a retailer or a bank, to be used as an alternative to cash. Each gift card has a unique account number and a unique four–digit personal identification number ("PIN").

### Manner and Means
### *Specified Unlawful Activity*
### *Mail/Wire Fraud Schemes to Defraud Victims*

8. Beginning at least as early as in or about August 2019 and continuing at least until October 2019, unknown individuals devised and intended to devise a scheme and artifice to defraud numerous victims, and to obtain money and property from those victims by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be material, and caused mailings to be sent by United States Postal Service and other commercial carriers in furtherance of the scheme, and wire communications to be transmitted in interstate commerce in furtherance of the scheme, in violation of Title 18, United States Code, Sections 1341 and 1343.

### *("The Government Grant Scam")*

9. In or about August 2019, J.B.1 received a text message from an unknown individual claiming to be J.B.1's friend "Penny." "Penny" informed J.B.1 that she had received a $150,000 grant from the federal government and wanted J.B.1 to also receive the grant.

10.  At "Penny's" direction, J.B.1 contacted an unknown individual identified as "Agent Walter." "Agent Walter" told J.B.1 that she needed to send money to addresses that he provided in order to pay a fee and taxes related to the grant.

11.  On or about August 12, 2019, J.B.1 sent $2,500 in cash to an address in Heath, Ohio.

12.  On or about August 14, 2019, J.B.1 sent $4,000 to an address in Atlanta, Georgia.

13.  On or about August 24, 2019 and September 4, 2019, J.B. sent two payments totaling of $4,500 to an address in Newark, New Jersey.

14.  On or about September 9, 2019, J.B.1 purchased multiple gift cards from Walmart in the state of Washington.  She then provided the account numbers and PINs to "Agent Walter."

15.  On or about September 9, 2019, Defendant LIU used the account numbers and PINs associated with gift cards J.B.1 purchased to purchase multiple gift cards.

### ("The Inheritance Scam")

16. For several months, H.P. corresponded through Facebook with a woman who identified herself as "Fola V. Williams Fly."   She claimed that she had a multi-million dollar inheritance that she was willing to share with H.P. if he paid the taxes and fees.

17. On or about August 23, 2019, he sent two cashier's checks for $10,000 each to Defendant LIU at 3182 Steve Reynolds Blvd, #105, Duluth, GA 30096.

4

### *("The Computer Scams")*

18. In or about August 2019, S.R. received a call from a man who identified himself as "Allen Johnson" and claimed to be from Microsoft. "Johnson" told S.R. that Microsoft was issuing her a $300 refund because of a service malfunction.

19. S.R. allowed "Johnson" on-line access to her bank account believing that he was going to deposit $300 into her account.

20. Instead of depositing $300, "Johnson" appeared to deposit $3,000 into S.R.'s bank account.

21. The fictitious "Johnson" claimed the $3,000 deposit was an error, and asked her to get money orders to refund him $2,600.

22. On or about August 21, 2019, S.R. got three money orders that totaled $2,600 made payable to Defendant LIU and sent them to Duluth, Georgia.

23. On or about September 9, 2019, H.B. received a call from an unknown individual who identified himself as "Victor Stricker" and claimed to be from a security firm.

24. "Stricker" told H.B. that his computer had been hacked and "Stricker's" security firm was giving H.B. a $555 rebate and needed his bank account information in order to deposit the refund into his account.

25. H.B. provided "Stricker" with his bank account information.

26.  Days later, "Stricker" told H.B. that he had mistakenly deposited $20,555.00 into H.B.'s bank account and directed H.B. to send a check for $20,000 to "Joy Liu, A&J Commercial Service, 3182 Steve Reynolds Blvd, Duluth, GA."

27. On or about September 23, 2019, H.B. sent a cashier's check for $20,000 to "Joy Liu" as directed.

*("The Grandparent Scam")*

28.  In or about September 2019, J.B.2 received a call from an unknown individual who identified himself as "Sergeant Jonathan Parker" from the Columbia Police Department. "Parker" fraudulently informed J.B.2 that J.B.2's grandson had been arrested and needed $9,000 for bail.

29. At the direction of "Parker," J.B.2 sent $9,000 in cash via the United Parcel Service ("UPS") to an individual with the initials A.C. at an address in Las Vegas, Nevada.

30. In the days following the initial contact, "Parker" contacted J.B.2 and told J.B.2 that his grandson injured a police officer and J.B.2 needed to pay $15,000 to settle the matter out of court.

31. At the direction of "Parker," J.B.2 sent $15,000 in cash via UPS to A.C. at the address in Las Vegas, Nevada.

32. The following day, "Parker" told J.B.2 that he need to pay "Officer Joyce Phillips's" hospital bill.

33. At the direction of "Parker," J.B.2 sent a personal check for $5,000 drawn on his Bank of America Account ending 6399 made payable to "Joyce Phillips"

by overnight UPS delivery to A&J Commercial Services, 3182 Steve Reynolds Boulevard, Duluth, GA 30096.

### *(Compromised SSN Scam)*

34. In or about September 2019, E.S. received a call from an unknown individual who claimed to be from the IRS who told her that her SSN had been compromised and used in a fraud scheme.  He directed her to transfer her funds to gift cards to protect her assets while the IRS investigated the fraud.

35. Thereafter, E.S. purchased multiple gift cards from Walmart and Target and provided the card numbers and the PINs to the unknown caller.

36. On or about September 16, 2019, Defendant LIU used the card numbers and PINs associated with the gift cards that E.S. purchased to purchase multiple gift cards.

### *Money Laundering Conspiracy*

37. Defendant LIU together with co-conspirators unknown to the Grand Jury laundered funds received from scam victims in the following ways.

38. Co-conspirators unknown to the Grand Jury directed scam victims to send funds directly to Defendant LIU which she then deposited into an account that she controlled.

39. Co-conspirators unknown to the Grand Jury gave Defendant LIU the account numbers and PINs associated with gift cards scam victims purchased and Defendant LIU then used that information to purchase additional gift cards.

All in violation of Title 18, United States Code, Section 1956(h).

## Counts Two Through Ten
### Money Laundering – Concealment
### (18 U.S.C. § 1956(a)(1)(B)(i))

40. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 38 as if fully set forth herein.

41. On or about the dates listed below, in the Northern District of Georgia and elsewhere, Defendant JANJIE LIU, aided and abetted by others unknown to the Grand Jury, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343 and as articulated in paragraphs 8 through 38, knowing such transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Source | Financial Transaction | Amount |
|-------|------|--------|----------------------|--------|
| 2 | 8/22/19 | 8/21/19 postal money order made out to LIU from S.R. | Deposit into A&J Commercial Services Chase Account 5887 | $1,000 |

| 3 | 8/22/19 | 8/21/19 postal money order made out to LIU from S.R. | Deposit into A&J Commercial Services Account 5887 | $1,000 |
|---|---|---|---|---|
| 4 | 8/22/19 | 8/21/19 postal money order made out to LIU from S.R. | Deposit into A&J Commercial Services Account 5887 | $600 |
| 5 | 8/28/19 | 8/23/19 cashier's check made out to LIU from H.P. | Deposit into A&J Commercial Services Chase Account 5887 | $10,000 |
| 6 | 8/29/19 | 8/23/19 cashier's check made out LIU from H.P. | Deposit into A&J Commercial Services Chase Account 5887 | $10,000 |
| 7 | 9/9/19 | Gift Card ending 5630 purchased on 9/9/19 by J.B.1 the state of WA | Multiple gift cards purchased on 9/9/19 in Walker, LA | $500 |
| 8 | 9/16/19 | Gift card ending 1495 purchased on 9/16/19 by E.S. in the state of CO | Multiple gift cards purchased on 9/16/19 in Garland, TX | $100 |
| 9 | 9/24/19 | 9/21/19 check made out to Joyce Phillips from J.B.2 | Deposit into LIU's Chase Bank Account 7009 | $5,000 |
| 10 | 9/26/19 | 9/23/19 US Bank cashier's check made out A&J Commercial Service | Deposit into A&J Commercial Services Chase Account 5887 | $20,000 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and

Section 2.

9

**Count Eleven**

**Access Device Fraud**

**18 U.S.C. § 1029(a)(3)**

42. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 36 as if fully set forth herein.

43. On or about October 3, 2019, in the Northern District of Georgia, Defendant JANJIE LÌU knowingly and with intent to defraud possessed at least fifteen counterfeit and unauthorized access devices, namely, over 700 "Vanilla" Mastercard and American Express gift cards that were purchased using funds obtained from Walmart and other retailers' gift cards that were purchased by victims of the Grandparent scam, the Computer scam, the Amazon scam, the Inheritance scam, the Government Grant scam and the Compromised SSN scam, said possession affecting interstate and foreign commerce, in that they could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, in violation of Title 18, United States, Code Section 1029(a)(3) and Section 2.

**FORFEITURE**

44. Upon conviction of one or more of the offenses alleged in Counts One through Twelve of this Indictment, Defendant, JIANJIE LIU, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any

10

property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Twelve of this Indictment.

45. If any of the property described above, as a result of any act or omission of a defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p) and Title 18, United

States Code, Section 982(b)(1), as incorporated by Title 28, United States Code,

Section 2461(c).


A _____ BILL

Andrea Ransom

FOREPERSON

BYUNG J. PAK
*United States Attorney*

DIANE C. SCHULMAN
*Special Assistant United States Attorney*
Georgia Bar No. 497764

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

12