# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NUMBER: |
| v. | |
| JEANNIE LIU, | 1:20-CR-208-ELR-JSA |
| Defendant. | |

## ORDER AND REPORT AND RECOMMENDATION

Defendant has filed a Motion to Suppress Evidence [44] and a Motion to Strike [45]. The Government, however, now moves to dismiss these motions, citing the fugitive disentitlement doctrine. *See* Motion to Dismiss [49]. Specifically, Defendant, who is free on conditions of pretrial release, has failed to appear as required before the U.S. Pretrial Services officer, has failed to appear for a court appearance, and is now subject to a warrant. The Court finds it appropriate to dismiss Defendant's pending motions pursuant to the fugitive disentitlement doctrine at least while she is on fugitive status in this case.

It is therefore **RECOMMENDED** that the Government's Motion to Dismiss [49] be **GRANTED**, and that the Defendant's pending motions be **DENIED** [44][45] without prejudice to Defendant seeking leave to re-file the motions within

**FOURTEEN (14) DAYS** of her surrender or other first appearance in this district on any pending warrant in this case.

### I.     BACKGROUND

On June 10, 2020, a grand jury in this district indicted Defendant for various counts of money laundering and access device fraud. [1]. Upon arrest, Defendant was arrested on conditions of pretrial release and allowed to continue residing in Texas. [9].

It is undisputed that, on March 8, 2021, while Defendant was present in Atlanta meeting with defense counsel, Defendant's supervising pretrial services officer instructed the Defendant to report to the pretrial services office by 3:00 pm that day, and that Defendant failed to do so. Gov't Motion [49] at 3; Def. Resp. [51] at 3-4. This instruction was based on a sealed document, which was apparently an arrest warrant previously obtained by probation, back in January 2021. The Government's motion, without contradiction, states that since March 8, 2021, Defendant has not responded to numerous phone calls from her supervising pretrial services officer, and that when the U.S. Marshals attempted to execute the warrant at her last known address on or about April 20, 2021, they were told that Defendant no longer resides there. *See* Gov't Motion [49] at 4. On April 19, 2021, Defendant also failed to appear for a status conference before the undersigned on the pending defense motions, at which the undersigned had required her presence.

In the meantime, on March 25, in keeping with the deadline for filing pretrial motions, defense counsel filed the pretrial motions at issue here [44][45].

## II.    DISCUSSION

"The fugitive disentitlement doctrine permits a district court to 'sanction or enter judgment against parties on the basis of their fugitive status.'" *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017) (*quoting Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998)). "This doctrine accounts for 'the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing [a] 'fugitive' to use the resources of the courts only if the outcome is an aid to him,' and 'the need to avoid prejudice to the nonfugitive party,' and also 'discourage[s] ... flights from justice,' and protects the dignity of the courts." *Id*. (*quoting United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997) and *Ortega–Rodriguez v. United States*, 507 U.S. 234, 241–42, 246, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993)); *see also Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970).

Defendant argues that the Government "has failed to provide any precedential authority from the Supreme Court, Eleventh Circuit, or this Court for the proposition that the fugitive disentitlement doctrine can be applied to pretrial motions filed by a domestic criminal defendant in criminal proceedings pending in federal district court …." Def. Resp. [51] at 6-7. This argument is meritless. This

well-established doctrine is founded in fundamental principles of mutuality and fairness and there is no reason to declare it inapplicable "to pretrial motions filed by a domestic criminal defendant in criminal proceedings pending in federal district court." Indeed, this was nearly the same procedural posture as the situation confronted by the district court in *Shalhoub*, in which a foreign resident defendant who had never appeared on the indictment sought to file motions. *See United States v. Shalhoub*, 2016 WL 8943847 (S.D.Fla. Jan. 26, 2016). The district court in that case dismissed the motions on grounds of fugitive disentitlement. The Defendant then sought an interlocutory appeal or, alternatively, a writ of mandamus. After strongly reaffirming the doctrine itself and reasons for it, the Eleventh Circuit found that it lacked jurisdiction to hear the interlocutory appeal and that the circumstances did not warrant mandamus relief. *Shalhoub*, 855 F.3d at 1259-1265.

The Court finds the district court's opinion in *Shalhoub*, the dicta in the Eleventh Circuit's opinion in *Shalhoub* favorably discussing the fugitive disentitlement doctrine, and the many other authorities cited by the Government to persuasively show that the fugitive disentitlement doctrine is applicable to the situation at bar.

Also unavailing is Defendant's argument that "the government cannot establish that [Defendant] is a fugitive." Def. Resp. [51] at 7-8. As the Eleventh

Circuit has explained, "[a] fugitive is someone who has been offered process and refuses it." *Shalhoub*, 855 F.3d at 1264. It is undisputed that Defendant, who is free on conditions of bond and under the supervision of a U.S. Pretrial Services Officer, was instructed by her supervising officer to report on March 8, 2021 and failed to do so, and also failed to comply with a court order requiring her presence at a status conference on her motion to suppress. The Government also states that an arrest warrant has been issued for Defendant but that when the U.S. Marshals sought to arrest her at her last known address on April 20, 2021, they were told that she no longer resides there. These facts show that Defendant has absconded from supervision and apparently is evading this prosecution, requiring the issuance of a still-unexecuted arrest warrant.

Labeling Defendant as a fugitive is far more straight-forward than the situation discussed in *Shalhoub*. In that case, the defendant was a foreign citizen who had never been arrested or otherwise appeared on the case, and his only act of "fleeing" was to remain in this country of residency (Saudi Arabia) and decline to affirmatively travel to the U.S. to appear on the case. Yet the district court in *Shalhoub* applied the fugitive disentitlement doctrine to bar the defendant's filing of motions in that case, and the Eleventh Circuit, although not fully reaching the merits of the legal issues, reaffirmed that "[i]f Shalhoub wants to challenge the

indictment, he need only submit himself to the jurisdiction of the district court." 855 F.3d at 1265.

The Court finds that the important reasons behind the doctrine are applicable here. It would prejudice the Government, disrupt the Court's docket, and insult the judicial system for the Defendant to file and pursue motions through her lawyers in absentia while she remains at large and unwilling to submit to the jurisdiction of the Court.

Finally, Defendant's constitutional and other arguments for relief are not necessarily lost, as the Court recommends that any denial or dismissal of these motions be without prejudice to a request to re-file the motions within 14 days of the Defendant's surrender or other first appearance in this district on the arrest warrant. Any serious constitutional or other legal challenges can therefore still potentially be heard. Again, in the words of the Eleventh Circuit, Defendant need only submit herself to the jurisdiction of the Court.

### III.   CONCLUSION

It is therefore **RECOMMENDED** that the Government's Motion to Dismiss [49] be **GRANTED**, and that the Defendant's pending motions be **DENIED** [44][45] without prejudice to Defendant seeking leave to re-file the motions within **FOURTEEN (14) DAYS** of her surrender or other first appearance in this district on any pending warrant in this case. The Government is further **ORDERED** to

inform the Court when the Defendant has made her first appearance in this district on the pending warrant so that the Court may schedule a further status conference or other appropriate proceedings.

**IT IS SO RECOMMENDED** this 16th day of June, 2021.

                             _____
                                    JUSTIN S. ANAND
                             UNITED STATES MAGISTRATE JUDGE