UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION


UNITED STATES OF AMERICA


     -VS-                          DOCKET NO. 1:20-CR-00208-ELR-JSA


JIANJIE LIU,


          DEFENDANT.



               TRANSCRIPT OF PLEA PROCEEDINGS
            BEFORE THE HONORABLE ELEANOR L. ROSS
                 UNITED STATES DISTRICT JUDGE
                      MARCH 14, 2022



APPEARANCES:

ON BEHALF OF THE GOVERNMENT:

        DIANE C. SCHULMAN, ATTORNEY AT LAW
        ASSISTANT UNITED STATES ATTORNEY

ON BEHALF OF THE DEFENDANT:

        RANDY SCOTT CHARTASH, ESQ.
        DAVID M. CHAIKEN, ESQ.

THE INTERPRETER:

        GANG LI


ELIZABETH G. COHN, RMR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
ATLANTA, GEORGIA

1          (ATLANTA, FULTON COUNTY, GEORGIA; MARCH 14, 2022, AT

2     1:36 P.M. IN OPEN COURT.)

3          THE COURT:  THANK YOU, SIR.

4          THANK YOU.  GOOD AFTERNOON.  PLEASE BE SEATED.

5          ALL RIGHT.  AND WOULD THE INTERPRETER PLEASE STAND?

6          GOOD AFTERNOON, SIR.

7          THE INTERPRETER:  GOOD AFTERNOON, YOUR HONOR.

8          THE COURT:  AND, FIRST OF ALL, THANK YOU FOR BEING

9     HERE TO ASSIST US TODAY.

10          THE INTERPRETER:  THANK YOU.  YOU'RE WELCOME.

11          THE COURT:  WOULD YOU STATE FOR THE RECORD YOUR NAME

12    AND THE LANGUAGE YOU'LL BE TRANSLATING?

13          THE INTERPRETER:  YES.  MY NAME IS GANG LI.  AND I'LL

14    BE TRANSLATING BETWEEN ENGLISH AND THE MANDARIN.

15          THE COURT:  ALL RIGHT.  AND WOULD YOU GO AHEAD AND

16    RAISE YOUR RIGHT HAND SO THAT I MAY SWEAR YOU IN.

17          (WHEREUPON, THE INTERPRETER WAS SWORN BY THE COURT.)

18          THE COURT:  ALL RIGHT.  THANK YOU SO MUCH, SIR.

19          THE INTERPRETER:  THANK YOU.

20          THE COURT:  ALL RIGHT.  I NOW CALL THE CASE OF THE

21    UNITED STATES OF AMERICA VERSUS -- AND I APOLOGIZE, BECAUSE I'M

22    GOING TO PROBABLY MESS THIS UP.  IS IT JIANJIE?

23          MR. CHARTASH:  JIANJIE LIU, YOUR HONOR.

24          THE COURT:  JIANJIE LIU.  THANK YOU.

25          THIS IS CASE 20-CR-208.

1    COUNSELOR FOR THE GOVERNMENT, PLEASE ANNOUNCE YOUR

2  APPEARANCE FOR THE RECORD AND IDENTIFY WHOMEVER IS AT COUNSEL

3  TABLE WITH YOU, MA'AM.

4    MS. SCHULMAN:  YES, YOUR HONOR.  DIANE SCHULMAN

5  REPRESENTING THE GOVERNMENT, YOUR HONOR.  AND SEATED WITH ME IS

6  SPECIAL AGENT SHANE HENLEY WITH SOCIAL SECURITY OFFICE OF

7  INSPECTOR GENERAL.

8    THE COURT:  ALL RIGHT.  GOOD AFTERNOON TO BOTH OF

9  YOU.

10    ALL RIGHT.  AND FOR MS. LIU, WHO IS PRESENT, AND,

11  AGAIN, FOR THE RECORD, BEING ASSISTED BY THE TRANSLATER, PLEASE

12  ANNOUNCE YOUR APPEARANCE FOR THE RECORD, EACH ATTORNEY.

13    MR. CHARTASH:  GOOD AFTERNOON, YOUR HONOR.  RANDY

14  CHARTASH ON BEHALF OF THE DEFENDANT, JIANJIE LIU.

15    THE COURT:  ALL RIGHT.

16    MR. CHAIKEN:  GOOD AFTERNOON, YOUR HONOR.  DAVID

17  CHAIKEN, ALSO HERE ON BEHALF OF JIANJIE LIU.

18    THE COURT:  ALL RIGHT.  GOOD AFTERNOON TO BOTH OF

19  YOU.

20    ALSO, GOOD AFTERNOON TO YOU, MS. LIU.

21    THE DEFENDANT:  GOOD AFTERNOON.

22    THE COURT:  MS. LIU, HAVE YOU HAD ANY DIFFICULTY IN

23  UNDERSTANDING WHAT'S BEEN SAID UP TO THIS POINT IN COURT?

24    THE DEFENDANT:  I CAN UNDERSTAND WHAT MY INTERPRETER

25  HAS BEEN SAYING.

1          THE COURT:  OKAY.  THE INTERPRETER IS WORKING FOR

2     YOU?  SOMETIMES WE HAVE ISSUES WITH INTERPRETATION.  I JUST

3     WANT TO MAKE SURE THAT YOU'RE GOOD TODAY IN TERMS OF

4     UNDERSTANDING EVERYTHING THAT'S BEING TRANSLATED FOR YOU.

5          THE DEFENDANT:  YES.  THIS INTERPRETER IS VERY GOOD.

6          THE COURT:  ALL RIGHT.

7          ALL RIGHT.  MR. CHARTASH, I UNDERSTAND THAT MS. LIU

8     WISHES TO ENTER A GUILTY PLEA TO COUNT ONE OF THE INDICTMENT

9     PURSUANT TO A PLEA AGREEMENT.  IS THAT CORRECT?

10         MR. CHARTASH:  YES.  YES, YOUR HONOR.

11         THE COURT:  ALL RIGHT.  THANK YOU.

12         MS. LIU, MA'AM, BEFORE I CAN --

13         THE DEFENDANT:  I CAN STAND UP?

14         THE COURT:  NO, NO, NO, YOU'RE FINE.  THANK YOU.

15    THANK YOU SO MUCH.  YOU'RE FINE.

16         BEFORE I CAN ACCEPT YOUR PLEA THIS AFTERNOON, THERE

17    ARE SEVERAL THINGS THAT I WILL NEED TO GO OVER WITH YOU.  I DO

18    NEED TO MAKE SURE THAT YOU UNDERSTAND THE CONDUCT BEING ALLEGED

19    AGAINST YOU BY THE GOVERNMENT AND ALSO THAT YOU UNDERSTAND AND

20    APPRECIATE ALL OF THE RIGHTS THAT YOU WILL BE GIVING UP BY

21    ENTERING THIS GUILTY PLEA.

22         MA'AM, IF AT ANY TIME DURING THIS HEARING THERE IS

23    SOMETHING THAT YOU NEED FOR ME TO REPEAT OR CLARIFY FOR YOU,

24    WILL YOU LET ME KNOW THROUGH YOUR ATTORNEY?

25         THE DEFENDANT:  I UNDERSTAND.

1      THE COURT:  ALL RIGHT.  AS YOU REMAIN SEATED, PLEASE

2  RAISE YOUR RIGHT HAND SO THAT I MAY SWEAR YOU IN.

3                      JIANJIE LIU,

4  HAVING BEEN FIRST DULY SWORN, WAS EXAMINED AND TESTIFIED AS

5  FOLLOWS:

6      THE COURT:  ALL RIGHT.  YOU MAY LOWER YOUR HAND.

7      AND PLEASE GO AHEAD AND STATE FOR THE RECORD YOUR

8  NAME.

9      THE DEFENDANT:  JIANJIE LIU.

10      THE COURT:  AND HOW OLD ARE YOU, MA'AM?

11      THE DEFENDANT:  FORTY-FOUR.

12      THE COURT:  AND I'VE ASKED YOU A LITTLE BIT ABOUT

13  WHETHER YOU'VE BEEN ABLE TO UNDERSTAND EVERYTHING UP TO THIS

14  POINT IN COURT TODAY.  BUT I ALSO WANT TO KNOW WHETHER YOU'VE

15  UNDERSTOOD EVERYTHING UP TO THIS POINT IN DISCUSSING YOUR CASE

16  WITH YOUR ATTORNEYS.

17      THE DEFENDANT:  I UNDERSTOOD.

18      THE COURT:  OKAY.  SO HAVE YOU ALWAYS USED THE

19  INTERPRETER, WHETHER IT'S THIS GENTLEMAN OR SOMEONE ELSE, FOR

20  DISCUSSING YOUR CASE WITH YOUR ATTORNEYS?  HAVE YOU ALWAYS

21  RELIED ON AN INTERPRETER?

22      THE DEFENDANT:  IN FORMAL MEETINGS, AN INTERPRETER

23  WAS USED BECAUSE I COULD NOT TOTALLY UNDERSTAND ENGLISH.

24      THE COURT:  OKAY.  BUT ONCE THE INTERPRETER WAS THERE

25  FOR THOSE MEETINGS, YOU WERE ABLE TO UNDERSTAND EVERYTHING THAT

1  WAS BEING DISCUSSED ABOUT YOUR CASE?

2          THE DEFENDANT:  PRETTY MUCH.

3          THE COURT:  OKAY.  MR. CHARTASH, I JUST NEED TO ASK

4  YOU, TOO:  DO YOU FEEL LIKE THERE HAVE BEEN ANY COMMUNICATION

5  GAPS THAT NEED TO BE BROUGHT TO THE COURT'S ATTENTION THAT ARE

6  BASED ON LANGUAGE?

7          MR. CHARTASH:  THE ANSWER TO THAT IS, NO, YOUR HONOR.

8  WE'VE HAD -- MS. LIU AND I HAVE HAD MANY CONVERSATIONS WITHOUT

9  AN INTERPRETER WHERE I HAVE TO -- WHERE IT'S DIFFICULT TO

10  UNDERSTAND ME, SHOCKING AS THAT IS.  AND -- BUT WITH THE

11  INTERPRETER, WE'VE GONE OVER THE PLEA AGREEMENT AND OTHER

12  THINGS RELATED TO THE CASE.  I THINK SHE HAS UNDERSTOOD THAT SO

13  THAT SHE HAS UNDERSTANDING OF WHAT IS HAPPENING TODAY AND WHAT

14  SHE -- AND WHAT THE RIGHTS AND OTHER THINGS THAT SHE'S GIVING

15  UP IN PROCEEDING TODAY.

16          THE COURT:  ALL RIGHT.

17          ALL RIGHT.  MS. LIU, ARE YOU A UNITED STATES CITIZEN?

18          THE DEFENDANT:  NO.

19          THE COURT:  BECAUSE YOU ARE NOT, I AM REQUIRED TO

20  TELL YOU THAT BY ENTERING THIS PLEA, YOU COULD BE DEPORTED OR

21  REMOVED FROM THE UNITED STATES.

22          FIRST OF ALL, DO YOU UNDERSTAND THAT?

23          THE DEFENDANT:  I UNDERSTAND THAT I MIGHT BE DEPORTED

24  FROM THE UNITED STATES.  HOWEVER, I WILL GO THROUGH THE

25  IMMIGRATION PROCEDURE TRYING TO PRESERVE MY STATUS IN THE

1   UNITED STATES.

2           THE COURT:  I UNDERSTAND THAT FULLY.  AND I DON'T

3   HAVE ANY IDEA WHAT WILL HAPPEN THERE.  BUT I JUST HAVE TO MAKE

4   SURE THAT YOU UNDERSTAND THE POSSIBLE CONSEQUENCE.  AND IT

5   SOUNDS LIKE YOU DO.

6           THE DEFENDANT:  YES, I'M AWARE OF IT.

7           THE COURT:  AND UNDERSTANDING THAT AND WITH THAT

8   AWARENESS, DO YOU WISH TO PROCEED WITH THIS PLEA AT THIS TIME?

9           THE DEFENDANT:  I'M WILLING.  I'M SO WILLING.

10          THE COURT:  OKAY.  HAVE YOU TAKEN ANY TYPE OF

11  MEDICATION, PRESCRIPTION OR OTHERWISE, OR CONSUMED ANY ALCOHOL

12  OR ANY SUBSTANCE LIKE THAT OVER THE PAST 24 HOURS?

13          THE DEFENDANT:  NO.

14          THE COURT:  ALL RIGHT.  AND, MR. CHARTASH, I NOTE FOR

15  THE RECORD, YOU'VE ALREADY STATED THAT IT'S YOUR BELIEF THAT

16  MS. LIU DOES UNDERSTAND THIS PLEA THAT SHE'S ENTERING TODAY.

17          MR. CHARTASH:  YES, YOUR HONOR.  AND WE HAVE GONE

18  OVER HER IMMIGRATION STATUS AND THE FACT THAT, BY PLEADING

19  GUILTY, SHE MAY BE DEPORTED.  AND SHE HAS AN IMMIGRATION LAWYER

20  THAT SHE IS CONSULTING.

21          THE COURT:  ALL RIGHT.  MS. LIU, I AM GOING TO GO

22  OVER YOUR RIGHTS WITH YOU AT THIS TIME.

23          NOW, YOU DO HAVE THE RIGHT TO ENTER A NOT GUILTY PLEA

24  AND HAVE THIS CASE GO FORWARD BY TRIAL, A TRIAL BEFORE A JURY

25  OR, UNDER SOME CIRCUMSTANCES, BEFORE A JUDGE LIKE MYSELF, WHICH

1  WOULD BE A BENCH TRIAL.

2        THE INTERPRETER:  I'M SORRY.  THE INTERPRETER DIDN'T

3  GET THE LAST PART.

4        THE COURT:  BEFORE A JUDGE LIKE MYSELF, WHICH WE CALL

5  A BENCH TRIAL.

6        IF YOU DID ELECT OR CHOOSE TO GO FORWARD BY TRIAL,

7  YOU'D HAVE THE RIGHT TO HAVE THE TRIAL BE BOTH A PUBLIC AND

8  SPEEDY TRIAL.

9        YOU'D ALSO HAVE THE RIGHT TO HAVE AN ATTORNEY ASSIST

10  YOU AT EVERY STAGE OF THE TRIAL.  AND IF YOU COULD NOT AFFORD

11  TO HIRE YOUR OWN ATTORNEY, I WOULD APPOINT COUNSEL OR AN

12  ATTORNEY TO REPRESENT YOU AT TRIAL.

13        AT TRIAL, IF YOU HAD ONE, YOU WOULD NOT HAVE TO PROVE

14  YOUR INNOCENCE.  YOU ARE PRESUMED INNOCENT, AND THE GOVERNMENT

15  WOULD HAVE TO OVERCOME THAT PRESUMPTION WITH ADMISSIBLE

16  EVIDENCE TO PROVE YOUR GUILT BEYOND A REASONABLE DOUBT.

17        YOU WOULD HAVE THE RIGHT AT TRIAL TO CALL WITNESSES

18  TO TESTIFY AND TO PRESENT OTHER EVIDENCE.

19        YOU'D ALSO HAVE THE RIGHT TO CROSS-EXAMINE AND

20  QUESTION EVERY WITNESS CALLED TO TESTIFY AGAINST YOU.

21        YOU WOULD HAVE THE RIGHT TO TAKE THE WITNESS STAND

22  AND TESTIFY ON YOUR OWN BEHALF.  BUT YOU COULD NOT BE FORCED TO

23  DO THAT BECAUSE YOU DO HAVE A FIFTH AMENDMENT RIGHT AGAINST

24  SELF-INCRIMINATION.

25        IF YOU DID HAVE A JURY TRIAL, YOU'D HAVE THE RIGHT TO

1    HAVE THAT JURY RENDER A UNANIMOUS VERDICT.

2              AND IF YOU WERE FOUND GUILTY AT TRIAL, YOU'D HAVE THE

3    RIGHT TO APPEAL.

4              DO YOU UNDERSTAND THAT YOU HAVE ALL OF THOSE RIGHTS

5    AVAILABLE TO YOU, MA'AM?

6              THE DEFENDANT:  I KNOW.

7              THE COURT:  YOU DO UNDERSTAND THAT?

8              THE DEFENDANT:  I UNDERSTAND.

9              THE COURT:  IS IT YOUR DESIRE TO GIVE UP THOSE

10   RIGHTS, INCLUDING YOUR RIGHT TO HAVE A TRIAL, AND TO PROCEED

11   INSTEAD BY ENTERING A GUILTY PLEA TODAY?

12             THE DEFENDANT:  I'M SO WILLING.

13             THE COURT:  OKAY.  HAS ANYONE MADE YOU ANY PROMISES

14   TO ENTER THIS PLEA?

15             AND I DON'T MEAN THE PLEA AGREEMENT.  I DON'T MEAN

16   AGREEMENTS THAT ARE MADE WITHIN THE NEGOTIATED PLEA AGREEMENT,

17   BUT PROMISES TO DO THINGS FOR YOU OR WAYS THAT ANYONE HAS TRIED

18   TO COERCE YOU OR FORCE YOU OR ANY WAY OR PRESSURE YOU TO ENTER

19   A PLEA.

20             THE DEFENDANT:  THERE'S NONE.

21             THE COURT:  ALL RIGHT.  HAVE YOU AND YOUR ATTORNEY

22   BOTH SIGNED THE WRITTEN PLEA AGREEMENT?

23             THE DEFENDANT:  YES.

24             THE COURT:  AND ARE YOU ENTERING THIS PLEA FREELY AND

25   VOLUNTARILY?

1     THE DEFENDANT:  YES.

2     THE COURT:  ALL RIGHT.  MS. SCHULMAN, I'M GOING TO

3  ASK IF YOU WOULD SUMMARIZE THE WRITTEN PLEA AGREEMENT AND AT

4  SOME POINT IF YOU WOULD GO AHEAD AND VERIFY THOSE SIGNATURES,

5  MA'AM.

6     MS. SCHULMAN:  OKAY.  I'M GOING TO VERIFY THE

7  SIGNATURES FIRST.

8     THE COURT:  ALL RIGHT.

9     MS. SCHULMAN:  MS. LIU, ON PAGE 14 OF THE DOCUMENT,

10  IS THIS YOUR SIGNATURE ABOVE THE LINE THAT SAYS SIGNATURE

11  DEFENDANT?

12     THE DEFENDANT:  YES.

13     MS. SCHULMAN:  MR. CHARTASH, IS THIS YOUR SIGNATURE

14  ABOVE THE LINE THAT SAYS SIGNATURE DEFENDANT'S ATTORNEY?

15     MR. CHARTASH:  IT IS, YOUR HONOR.

16     MS. SCHULMAN:  YOUR HONOR.

17     ON PAGE 16, MR. CHARTASH, IS THIS YOUR SIGNATURE?

18     MR. CHARTASH:  THAT IS MY SIGNATURE, YES.

19     MS. SCHULMAN:  AND, MS. LIU, IS THAT YOUR SIGNATURE?

20     THE DEFENDANT:  YES.

21     MS. SCHULMAN:  I THINK -- YES.  AND ON PAGE 15, MS.

22  LIU, IS THIS YOUR SIGNATURE ABOVE THE LINE THAT SAYS SIGNATURE

23  DEFENDANT?

24     THE DEFENDANT:  YES.

25     MS. SCHULMAN:  AND I CAN CONFIRM THAT THE SIGNATURES

1  OF MYSELF AND MY SUPERVISOR, MR. MCCLAIN, ARE TRUE AND

2  ACCURATE.

3        THE COURT:  THANK YOU.

4        MS. SCHULMAN:  THE PLEA AGREEMENT STATES THAT THE

5  DEFENDANT IS PLEADING GUILTY BECAUSE SHE IS GUILTY OF THE CRIME

6  CHARGED IN COUNT ONE.

7        SECTION TWO OF THE PLEA AGREEMENT CONTAINS AN

8  ACKNOWLEDGMENT AND WAIVER OF RIGHTS.  AND THOSE ARE THE RIGHTS

9  THAT THE COURT JUST WENT OVER WITH THE DEFENDANT.

10        SECTION THREE IS AN ACKNOWLEDGEMENT OF PENALTIES.

11  WOULD YOU LIKE ME TO READ THAT NOW, OR SHOULD WE WAIT?

12        THE COURT:  WAIT UNTIL A LITTLE BIT LATER IN THE

13  HEARING.  AND THANK YOU FOR ASKING.

14        MS. SCHULMAN:  YES, YOUR HONOR.

15        PARAGRAPH EIGHT STATES THAT THE DEFENDANT UNDERSTANDS

16  THAT, BEFORE IMPOSING SENTENCE, THE COURT WILL BE REQUIRED TO

17  CONSIDER THE PROVISIONS OF THE SENTENCING GUIDELINES AND THAT,

18  UNDER CERTAIN CIRCUMSTANCES, THE COURT HAS DISCRETION TO DEPART

19  FROM THOSE GUIDELINES.

20        THE DEFENDANT FURTHER UNDERSTANDS THAT THE COURT MAY

21  IMPOSE A SENTENCE UP TO INCLUDING THE STATUTORY MAX, AND THAT

22  NO ONE CAN PREDICT HER EXACT SENTENCE AT THIS TIME.

23        MR. CHARTASH:  HOLD ON ONE SECOND.  I WANT TO MAKE

24  SURE HE CATCHES UP A LITTLE BIT.

25        (WHEREUPON, THE INTERPRETER AND DEFENDANT CONFER.)

1          MR. CHARTASH:  OKAY.  YES.

2          MS. SCHULMAN:  PARAGRAPH NINE IS A -- THE REMOVAL

3     PARAGRAPH IN THE PLEA AGREEMENT THAT PUTS THE DEFENDANT ON

4     NOTICE OF THE IMMIGRATION CONSEQUENCES OF HER PLEA.  AND THIS

5     IS WHAT THE COURT JUST WENT OVER WITH THE DEFENDANT, ALSO.

6          THE GOVERNMENT AGREES THAT, UPON ENTRY AND JUDGMENT,

7     ANY AND ALL REMAINING COUNTS IN THIS CASE WILL BE DISMISSED

8     AGAINST THE DEFENDANT.

9          THE DEFENDANT UNDERSTANDS THAT PROBATION AND THE

10    COURT MAY STILL CONSIDER THE CONDUCT UNDERLYING SUCH DISMISSED

11    COUNTS IN DETERMINING RELEVANT CONDUCT AND A REASONABLE

12    SENTENCE.

13         THE GOVERNMENT AGREES AND THE DEFENDANT AGREES THAT

14    THE APPLICABLE OFFENSE GUIDELINE IS 2S1.1(A)(2).

15         THE AMOUNT OF LOSS RESULTING FROM THE OFFENSE OF

16    CONVICTION AND ALL RELEVANT CONDUCT IS MORE THAN 150,000 BUT

17    LESS THAN 250,000.

18         THE PARTIES AGREE THAT DEFENDANT WILL RECEIVE THE

19    FOUR-LEVEL UPWARD ADJUSTMENT PURSUANT TO 2S1.1(B)(2)(CAPITAL

20    C).

21         THE GOVERNMENT AGREES TO RECOMMEND THAT THE DEFENDANT

22    NOT RECEIVE THE TWO-LEVEL UPWARD ADJUSTMENT PURSUANT TO SECTION

23    2S1.1(B)(3).

24         THE GOVERNMENT WILL RECOMMEND THAT THE DEFENDANT

25    RECEIVE AN OFFENSE LEVEL ADJUSTMENT FOR ACCEPTANCE OF

1  RESPONSIBILITY TO THE MAXIMUM EXTENT AUTHORIZED BY THE

2  GUIDELINES.  HOWEVER, THE GOVERNMENT WILL NOT BE REQUIRED TO

3  RECOMMEND ACCEPTANCE OF RESPONSIBILITY IF THE DEFENDANT ENGAGES

4  IN CONDUCT INCONSISTENT WITH ACCEPTING RESPONSIBILITY.

5          MR. CHARTASH:  HOLD ON ONE SECOND, IF HE CAN CATCH UP

6  ONE SECOND.

7          (WHEREUPON, THE INTERPRETER AND DEFENDANT CONFER.)

8          MS. SCHULMAN:  FOR EXAMPLE, SHOULD THE DEFENDANT

9  FALSELY DENY OR ATTEMPT TO MINIMIZE HER INVOLVEMENT IN RELEVANT

10  OFFENSE CONDUCT, GIVE CONFLICTING STATEMENTS ABOUT HER

11  INVOLVEMENT, FAIL TO PAY THE SPECIAL ASSESSMENT, FAIL TO MEET

12  ANY OF THE OBLIGATIONS SET FORTH IN THE FINANCIAL COOPERATION

13  PROVISIONS, OR PARTICIPATE IN ADDITIONAL CRIMINAL CONDUCT, THE

14  GOVERNMENT WILL NOT BE REQUIRED TO RECOMMEND ACCEPTANCE OF

15  RESPONSIBILITY.

16          THE PARTIES RESERVE THE RIGHT TO INFORM THE COURT AND

17  THE PROBATION OFFICE OF ALL THE FACTS AND CIRCUMSTANCES

18  REGARDING THIS CASE AND TO RESPOND TO ANY QUESTIONS FROM THE

19  COURT AND PROBATION AND TO ANY MISSTATEMENTS OF FACT OR LAW.

20          THE PARTIES ALSO RESERVE THE RIGHT TO MAKE

21  RECOMMENDATIONS REGARDING APPLICATION OF THE SENTENCING

22  GUIDELINES.

23          AND THE PARTIES UNDERSTAND, ACKNOWLEDGE, AND AGREE

24  THAT THERE ARE NO AGREEMENTS BETWEEN THE PARTIES WITH RESPECT

25  TO ANY GUIDELINES ISSUES OTHER THAN THOSE SPECIFICALLY LISTED.

1    THE DEFENDANT UNDERSTANDS AND AGREES THAT, SHOULD THE

2  GOVERNMENT OBTAIN OR RECEIVE ADDITIONAL EVIDENCE CONCERNING THE

3  FACTS UNDERLYING ANY SUCH RECOMMENDATION, THE GOVERNMENT WILL

4  BRING THAT EVIDENCE TO THE ATTENTION OF THE COURT AND

5  PROBATION.

6    IF ADDITIONAL EVIDENCE SUPPORTS A FINDING DIFFERENT

7  OF A DIFFERENT APPLICATION OF THE GUIDELINES, THE GOVERNMENT

8  WILL NOT BE BOUND TO MAKE THE RECOMMENDATION SET FORTH

9  ELSEWHERE IN THIS AGREEMENT.  AND FAILURE TO DO SO WILL NOT

10  CONSTITUTE A VIOLATION OF THE PLEA AGREEMENT.

11    THERE IS LANGUAGE REGARDING THE CONDITIONAL SECTION

12  5K OR RULE 35 MOTION, THAT THE GOVERNMENT AGREES TO MAKE THE

13  EXTENT OF DEFENDANT'S COOPERATION KNOWN TO THE SENTENCING COURT

14  IF THE COOPERATION IS COMPLETED BEFORE SENTENCING.  AND IF THE

15  GOVERNMENT DETERMINES THAT SUCH COOPERATION QUALIFIES AS

16  SUBSTANTIAL ASSISTANCE, THE GOVERNMENT WILL FILE A MOTION AT

17  SENTENCING RECOMMENDING A DOWNWARD DEPARTURE FROM THE

18  APPLICABLE GUIDELINE RANGE.  IF IT'S COMPLETED AFTER SENTENCING

19  AND THE GOVERNMENT DETERMINES THAT SUCH COOPERATION QUALIFIES

20  AS SUBSTANTIAL ASSISTANCE, THE GOVERNMENT WILL FILE A MOTION

21  FOR REDUCTION OF SENTENCE.  AND THE DEFENDANT UNDERSTANDS THAT

22  THE DETERMINATION AS TO WHETHER OR NOT SHE'S PROVIDED

23  SUBSTANTIAL ASSISTANCE RESTS SOLELY WITH THE GOVERNMENT.

24    THE GOVERNMENT AGREES TO MAKE NO SPECIFIC

25  RECOMMENDATION AS TO THE AMOUNT OF FINE.

1          THE DEFENDANT AGREES TO PAY FULL RESTITUTION TO THE

2    CLERK OF COURT FOR DISTRIBUTION TO ALL VICTIMS TO WHICH SHE'S

3    PLEADING GUILTY AND ALL RELEVANT CONDUCT.

4          THE DEFENDANT UNDERSTANDS THAT THE AMOUNT OF

5    RESTITUTION OWED TO EACH VICTIM WILL BE DETERMINED AT OR BEFORE

6    SENTENCING.

7          SHE ALSO AGREES TO COOPERATE FULLY IN THE

8    INVESTIGATION OF THE AMOUNT OF RESTITUTION, THE IDENTIFICATION

9    OF VICTIMS, AND THE RECOVERY OF RESTITUTION FOR VICTIMS.

10         PARAGRAPHS 21 AND 22 DEAL WITH FORFEITURE, BUT THE

11   GOVERNMENT IS ACTUALLY NOT SEEKING FORFEITURE.

12         MR. CHARTASH:  DID YOU HAVE A QUESTION?

13         (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

14         MR. CHARTASH:  I'M SORRY.  GO AHEAD.

15         MS. SCHULMAN:  OKAY.  SO PARAGRAPHS 21 AND 22 DEAL

16   WITH FORFEITURE.  BUT THE GOVERNMENT HASN'T SOUGHT TO FORFEIT

17   ANYTHING IN THIS CASE.

18         (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

19         MS. SCHULMAN:  THE DEFENDANT IS REQUIRED TO PAY A

20   SPECIAL ASSESSMENT OF $100.

21         THE DEFENDANT AGREES TO PAY ANY FINE AND RESTITUTION

22   IMPOSED BY THE COURT TO THE CLERK OF COURTS.

23         THERE ARE FINANCIAL DISCLOSURE PROVISIONS IN THE PLEA

24   AGREEMENT THAT REQUIRE THE DEFENDANT TO PARTICIPATE TRUTHFULLY

25   IN ANY FINANCIAL PROCEEDINGS THE GOVERNMENT UNDERTAKES.

1      (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

2      MS. SCHULMAN:  THE DEFENDANT UNDERSTANDS AND AGREES

3  THAT THE RECOMMENDATIONS OF THE GOVERNMENT INCORPORATED WITHIN

4  THIS PLEA AGREEMENT AS WELL AS ANY STIPULATIONS OR FACT OR

5  GUIDELINE COMPUTATIONS ARE NOT BINDING ON THE COURT.  AND THE

6  COURT'S FAILURE TO ACCEPT ONE OR MORE OF THE RECOMMENDATIONS,

7  STIPULATIONS, AND/OR GUIDELINE COMPUTATIONS WILL NOT CONSTITUTE

8  GROUNDS TO WITHDRAW HER GUILTY PLEA OR CLAIM A BREACH OF THIS

9  AGREEMENT.

10      MR. CHARTASH:  LET US CATCH UP.

11      (WHEREUPON, THE DEFENDANT AND INTERPRETER CONFER.)

12      MS. SCHULMAN:  THERE'S A LIMITED WAIVER OF APPEAL.

13  AND IT STATES, TO THE MAXIMUM EXTENT PERMITTED BY LAW, THE

14  DEFENDANT VOLUNTARILY AND EXPRESSLY WAIVES THE RIGHT TO APPEAL

15  HER CONVICTION AND SENTENCE AND THE RIGHT TO COLLATERALLY

16  ATTACK HER CONVICTION AND SENTENCE IN ANY POST-CONVICTION

17  PROCEEDING, INCLUDING, BUT NOT LIMITED TO, MOTIONS FILED

18  PURSUANT TO 28 U.S.C. SECTION 2255, ON ANY GROUND, EXCEPT THE

19  DEFENDANT MAY FILE A DIRECT APPEAL OF AN UPWARD DEPARTURE OR

20  UPWARD VARIANCE ABOVE THE SENTENCING GUIDELINE RANGE AS

21  CALCULATED BY THE DISTRICT COURT.

22      CLAIMS THAT THE DEFENDANT'S COUNSEL RENDERED

23  CONSTITUTIONALLY INEFFECTIVE ASSISTANCE ARE EXCEPTED FROM THIS

24  WAIVER.

25      MR. CHARTASH:  HOLD ON.  HOLD ON.

1          (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

2          MS. SCHULMAN:  AND THE DEFENDANT UNDERSTANDS THAT

3    THIS PLEA AGREEMENT DOES NOT LIMIT THE GOVERNMENT'S RIGHT TO

4    APPEAL, BUT IF THE GOVERNMENT INITIATES A DIRECT APPEAL OF THE

5    SENTENCE, THE DEFENDANT MAY FILE A CROSS-APPEAL OF THE SAME

6    SENTENCE.

7          THERE IS ALSO A FOIA/PRIVACY ACT WAIVER.

8          AND THERE ARE NO OTHER AGREEMENTS, PROMISES, OR

9    REPRESENTATIONS OR UNDERSTANDINGS BETWEEN THE GOVERNMENT AND

10   THE DEFENDANT.

11         AND I WILL NOW TENDER THIS TO THE COURT.

12         THE COURT:  THANK YOU.

13         ALL RIGHT.  NOW, MS. LIU, I UNDERSTAND THERE MAY BE

14   CERTAIN THINGS THAT YOU NEED TO DISCUSS FURTHER WITH YOUR

15   ATTORNEYS, PERHAPS ABOUT YOUR ACCOUNT OR COOPERATION, THINGS

16   THAT THE GOVERNMENT MENTIONED.

17         BUT DO YOU HAVE ANY QUESTIONS ABOUT ANY OF THE PLEA

18   AGREEMENTS THAT WERE JUST REVIEWED?

19         THE DEFENDANT:  NO.

20         THE COURT:  ALL RIGHT.  MR. CHARTASH, HAVE YOU

21   ADVISED MS. LIU CONCERNING THE LEGALITY OF ANY STATEMENTS OR

22   CONFESSIONS OR OTHER EVIDENCE THE GOVERNMENT HAS AGAINST HER?

23         MR. CHARTASH:  YES, YOUR HONOR, WE HAVE ADVISED HER.

24   WE BELIEVE THERE IS AN ISSUE HERE, BUT MS. LIU UNDERSTANDS, BY

25   PLEADING GUILTY, SHE IS WAIVING THAT -- THOSE CHALLENGES.

1        THE COURT:  SO AS FAR AS YOU KNOW, IS SHE -- AND FEEL

2   FREE TO LEAVE YOUR MASK OFF IF IT'S EASIER FOR YOU, SIR.

3        AS FAR AS YOU KNOW, IS SHE ENTERING THIS GUILTY PLEA

4   BECAUSE OF ANY ILLEGALLY OBTAINED EVIDENCE IN THE GOVERNMENT'S

5   POSSESSION?

6        IS THAT THE REASON THAT SHE'S --

7        MR. CHARTASH:  NO, YOUR HONOR.  THAT'S NOT THE REASON

8   SHE IS ENTERING THIS PLEA.

9        THE COURT:  HAVE YOU MADE ANY PROMISE TO MS. LIU OF A

10  PARTICULAR SENTENCE THAT SHE IS GUARANTEED TO RECEIVE IN THIS

11  CASE?

12       MR. CHARTASH:  NO, YOUR HONOR.

13       THE COURT:  DO YOU KNOW OF ANY AGREEMENT OUTSIDE OF

14  WHAT'S CONTAINED IN THE PLEA AGREEMENT JUST NOW REVIEWED THAT

15  WOULD AFFECT MS. LIU'S GUILTY PLEA TODAY?

16       MR. CHARTASH:  NO, YOUR HONOR.

17       THE COURT:  DO YOU KNOW OF ANY REASON I SHOULD NOT

18  ACCEPT HER GUILTY PLEA AT THIS TIME?

19       MR. CHARTASH:  NO, YOUR HONOR.

20       THE COURT:  AND HAVE YOU HAD SUFFICIENT TIME BEFORE

21  RIGHT NOW TO DISCUSS WITH MS. LIU THE CASE AGAINST HER

22  GENERALLY AND SPECIFICALLY THE GUILTY PLEA THAT SHE'S ENTERING,

23  SIR?

24       MR. CHARTASH:  YES, YOUR HONOR.

25       THE COURT:  MS. LIU, MA'AM, HAVE YOU HAD ENOUGH TIME

1    BEFORE RIGHT NOW TO DISCUSS WITH YOUR ATTORNEYS THE CASE

2    AGAINST YOU GENERALLY AND SPECIFICALLY THIS GUILTY PLEA THAT

3    YOU'RE ENTERING?

4           THE DEFENDANT:  YES.

5           THE COURT:  DO YOU NEED ANY MORE TIME IN THAT REGARD?

6           THE DEFENDANT:  NO.  THERE'S NO NEED.

7           THE COURT:  AND ARE YOU SATISFIED WITH THE LEGAL

8    REPRESENTATION YOU'VE RECEIVED IN THIS CASE?

9           THE DEFENDANT:  VERY SATISFIED.

10          THE COURT:  ALL RIGHT.  MS. SCHULMAN, MA'AM, IF YOU

11   WOULD GO AHEAD AND STATE THE ELEMENTS OF THE OFFENSE TO WHICH

12   MS. LIU IS ENTERING A GUILTY PLEA.  AND AFTER THAT, IF YOU

13   WOULD GO AHEAD AND TELL US THE MAXIMUM PENALTY AND FINE AND ANY

14   MANDATORY MINIMUM THAT MIGHT APPLY.

15          MS. SCHULMAN:  OKAY.  YES, YOUR HONOR.

16          THE DEFENDANT IS PLEADING GUILTY TO CONSPIRACY TO

17   COMMIT MONEY LAUNDERING, WHICH IS 18 U.S.C. 1956(H).  AND THE

18   ELEMENTS OF THAT OFFENSE ARE THAT TWO OR MORE PEOPLE AGREED TO

19   TRY TO ACCOMPLISH A COMMON AND UNLAWFUL PLAN TO VIOLATE 18

20   U.S.C. 1956, AND THAT THE DEFENDANTS KNEW ABOUT THE PLAN'S

21   UNLAWFUL PURPOSE AND WILLFULLY JOINED IN IT.

22          NOW, THE UNDERLYING -- THE UNDERLYING CHARGE --

23          THE COURT:  I THINK YOU MIGHT HAVE TO SLOW DOWN A

24   LITTLE BIT.

25          THE INTERPRETER:  YEAH.  IF YOU HAVE A COPY, I'LL BE

1    HAPPY TO --

2          MS. SCHULMAN:  I'M ACTUALLY USING IT.  I'LL TRY TO

3    SPEAK SLOWLY.

4          THE INTERPRETER:  OKAY.  RIGHT.  LOUDER AS WELL.

5          MS. SCHULMAN:  WOULD YOU LIKE ME TO REPEAT THAT?

6          THE INTERPRETER:  YES, PLEASE.

7          MS. SCHULMAN:  OKAY.  THE ELEMENTS ARE -- THE CHARGE

8    IS 18 U.S.C. 1956(H).  THE ELEMENTS ARE, TWO OR MORE PEOPLE

9    AGREED TO TRY TO ACCOMPLISH A COMMON AND UNLAWFUL PLAN TO

10   VIOLATE 18 U.S.C. --

11         MR. CHARTASH:  HOLD ON.

12         THE INTERPRETER:  WHO ARE THE TWO OR THREE PERSONS?

13         (WHEREUPON, THE DEFENDANT AND COUNSEL CONFER.)

14         MS. SCHULMAN:  TO VIOLATE 18 U.S.C. 1956 AND THAT THE

15   DEFENDANT KNEW ABOUT THE PLAN'S UNLAWFUL PURPOSE AND WILLFULLY

16   JOINED IN IT.

17         OKAY.  THE UNDERLYING OFFENSE OF MONEY LAUNDERING, 18

18   U.S.C. 1956, HAS THE FOLLOWING ELEMENTS:  THE DEFENDANT

19   KNOWINGLY CONDUCTED OR TRIED TO CONDUCT FINANCIAL TRANSACTIONS;

20   THE DEFENDANT KNEW THAT THE MONEY OR PROPERTY INVOLVED IN THE

21   TRANSACTIONS WERE THE PROCEEDS OF SOME KIND OF UNLAWFUL

22   ACTIVITY; THE MONEY OR PROPERTY DID COME FROM UNLAWFUL

23   ACTIVITY, SPECIFICALLY, WIRE FRAUD AND MAIL FRAUD; THE

24   DEFENDANT KNEW THAT THE TRANSACTION WAS DESIGNED IN WHOLE OR IN

25   PART TO CONCEAL OR DISGUISE THE NATURE, LOCATION, SOURCE,

1    OWNERSHIP, OR CONTROL OF THE PROCEEDS.

2            THE MAXIMUM PENALTIES ARE, MAXIMUM TERM OF

3    IMPRISONMENT IS 20 YEARS.

4            MANDATORY TERM OF IMPRISONMENT, THERE'S NO -- EXCUSE

5    ME, THERE'S NO MANDATORY MINIMUM.

6            THE TERM OF SUPERVISED RELEASE IS UP TO THREE YEARS.

7            MAXIMUM FINE IS $500,000, OR TWICE THE VALUE OF THE

8    PROPERTY INVOLVED IN THE TRANSACTIONS, WHICHEVER IS GREATER.

9    AND THAT'S DUE AND PAYABLE IMMEDIATELY.

10           FULL RESTITUTION IS DUE AND PAYABLE IMMEDIATELY TO

11   ALL VICTIMS.

12           THERE'S A MANDATORY SPECIAL ASSESSMENT OF $100 DUE

13   AND PAYABLE IMMEDIATELY.

14           AND THE STATUTE ALSO ALLOWS FOR FORFEITURE.

15           THE COURT:  ALL RIGHT.  THANK YOU.  IS THAT IT?

16           MS. SCHULMAN:  YEAH.

17           THE COURT:  I DIDN'T KNOW IF YOU HAD SOMETHING ELSE.

18           MS. SCHULMAN:  FACTUAL BASIS, IF YOU WANT ME TO.

19   OKAY.

20           THE COURT:  ALL RIGHT.  MS. LIU, MA'AM, DO YOU

21   UNDERSTAND THOSE PENALTIES JUST NOW REVIEWED BY THE GOVERNMENT?

22           THE DEFENDANT:  I UNDERSTAND.

23           THE COURT:  NOW, EARLIER I ASKED YOUR ATTORNEY

24   WHETHER HE HAD MADE ANY PROMISE TO YOU OF A PARTICULAR SENTENCE

25   YOU'RE GUARANTEED TO RECEIVE.  AND MR. CHARTASH SAID HE HAD

1    NOT.

2             LET ME ASK MY QUESTION FIRST.

3             HAS ANYONE MADE YOU THAT TYPE OF PROMISE OF A

4    PARTICULAR SENTENCE YOU'LL RECEIVE?

5             THE DEFENDANT:  THERE'S NONE.

6             THE COURT:  SO NO ONE HAS MADE YOU THAT PROMISE.  IS

7    THAT WHAT YOU'RE SAYING?

8             THE DEFENDANT:  THERE'S NONE.

9             THE COURT:  ALL RIGHT.  DO YOU UNDERSTAND THAT, AS I

10   SIT HERE AS THE JUDGE, I CANNOT EVEN TELL YOU RIGHT NOW WHAT

11   SENTENCE WILL BE IMPOSED?

12            THE DEFENDANT:  I UNDERSTAND.

13            THE COURT:  SO WHAT WILL HAPPEN AFTER TODAY IS,

14   SOMEONE FROM PROBATION WILL PREPARE A PRESENTENCE INVESTIGATION

15   REPORT, WHICH WILL CONTAIN INFORMATION BASED ON AN INTERVIEW

16   WITH YOU AND PERHAPS PEOPLE ASSOCIATED WITH YOU.

17            THAT SAME REPORT WILL CONTAIN CALCULATIONS THAT ARE

18   BASED ON THE ADVISORY SENTENCING GUIDELINES WHICH ARE PUT INTO

19   PLACE BY THE UNITED STATES SENTENCING COMMISSION AND WILL BE

20   APPLIED TO YOUR PARTICULAR CASE.

21            YOU AND YOUR ATTORNEY AND THE GOVERNMENT WILL HAVE

22   THE OPPORTUNITY TO OBJECT TO THE FACTUAL FINDINGS AND THE

23   CALCULATIONS IN THAT REPORT.

24            YOU'LL ALSO HAVE THE OPPORTUNITY TO MAKE CERTAIN

25   SUBMISSIONS THAT YOU MAY WANT ME TO CONSIDER, LIKE IF YOU WANT

1    TO GET PEOPLE TO WRITE LETTERS OF RECOMMENDATION -- EXCUSE ME,

2    CHARACTER LETTERS ON YOUR BEHALF.  BUT THOSE ARE NOT REQUIRED.

3         AND THEN WE WILL COME TOGETHER FOR A SECOND HEARING,

4    A SENTENCING HEARING.  AT THAT HEARING, YOU AND THE GOVERNMENT

5    WILL HAVE THE OPPORTUNITY TO CALL WITNESSES AND PRESENT OTHER

6    EVIDENCE.  YOU AS THE DEFENDANT WILL HAVE THE OPPORTUNITY TO

7    MAKE A STATEMENT IF YOU'D LIKE.  AND THEN ONLY AFTER I HAVE AT

8    LEAST FIRST CONSIDERED HOW THE CALCULATIONS HAVE BEEN APPLIED

9    TO YOUR CASE CAN I GO AHEAD AND IMPOSE SENTENCE.  BUT, BY LAW,

10   I'M REQUIRED TO FIRST AT LEAST CONSIDER HOW THOSE CALCULATIONS

11   COME OUT, APPLY TO YOUR CASE.

12        DO YOU UNDERSTAND THAT THAT'S THE PROCEDURE THAT IS

13   FOLLOWED?

14        THE DEFENDANT:  I UNDERSTAND.

15        THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT THAT

16   PROCEDURE?

17        THE DEFENDANT:  NO.

18        THE COURT:  NOW, UNDER SOME CIRCUMSTANCES, A JUDGE

19   MAY IMPOSE A SENTENCE THAT IS HIGHER THAN WHAT IS FOUND TO BE

20   YOUR CALCULATED GUIDELINE RANGE.  DO YOU UNDERSTAND THAT IF I

21   DO THAT IN THIS CASE, YOU'RE STILL BOUND BY YOUR GUILTY PLEA

22   AND NOT ABLE TO WITHDRAW IT ON THAT BASIS?

23        THE DEFENDANT:  I UNDERSTAND.

24        THE COURT:  ALL RIGHT.  MS. SCHULMAN ALSO READ INTO

25   THE RECORD A LIMITED WAIVER OF APPEAL.  DO YOU UNDERSTAND THAT,

1    AS PART OF THIS PLEA, YOU ARE GIVING UP THE MAJORITY OF YOUR

2    APPELLATE RIGHTS, YOUR RIGHTS TO APPEAL, AND RETAINING ONLY

3    LIMITED OR RESTRICTED ONES?

4              THE DEFENDANT:  I UNDERSTAND.

5              THE COURT:  SO BASICALLY YOU ARE GIVING UP YOUR RIGHT

6    TO APPEAL YOUR CONVICTION AND SENTENCE EXCEPT FOR IN ONE OF THE

7    FOLLOWING SITUATIONS:  FIRST, IF I DO IMPOSE A SENTENCE THAT IS

8    HIGHER THAN YOUR CALCULATED GUIDELINE RANGE, AS I JUST SAID A

9    MOMENT AGO, YOU COULD NOT WITHDRAW YOUR GUILTY PLEA, BUT YOU

10   COULD FILE AN APPEAL WITH RESPECT TO MY DECISION TO DO THAT.

11             SECOND, IF THE GOVERNMENT APPEALS -- AND, REMEMBER,

12   UNDER THIS PLEA AGREEMENT, YOU'RE THE ONLY SIDE GIVING UP

13   APPELLATE RIGHTS.  THE GOVERNMENT IS NOT.  SO IF THEY APPEALED,

14   YOU COULD THEN FILE A CROSS-APPEAL.

15             THE DEFENDANT:  I UNDERSTAND.

16             THE COURT:  AND, THIRD, IF YOU HAD SOME REASON OR

17   DESIRE TO FILE A CLAIM OF CONSTITUTIONALLY INEFFECTIVE

18   ASSISTANCE OF COUNSEL, YOU WOULD HAVE THAT RIGHT AS WELL.

19             BUT DO YOU UNDERSTAND THAT, EXCEPT FOR THOSE THREE

20   SITUATIONS, YOU ARE GIVING UP YOUR APPELLATE RIGHTS, YOUR

21   RIGHTS TO APPEAL IN THIS CASE?

22             THE DEFENDANT:  I UNDERSTAND.

23             THE COURT:  ALSO, IN THE FEDERAL SYSTEM, UNLIKE IN

24   THE STATE SYSTEM, THERE IS NO PAROLE.  SO DO YOU UNDERSTAND

25   THAT IF YOUR SENTENCE INVOLVES CUSTODIAL TIME, YOU WOULD NOT BE

1  RELEASED EARLY TO SERVE IT ON PAROLE?

2          THE DEFENDANT:  I UNDERSTAND.

3          THE COURT:  THERE IS SOMETHING IN FEDERAL SENTENCES

4  CALLED SUPERVISED RELEASE THAT FOLLOWS CUSTODIAL TIME, SO THAT

5  ONCE YOU FINISH ANY CUSTODIAL TIME, IF THAT IS PART OF YOUR

6  SENTENCE, THEN YOU ARE PUT ON SUPERVISED RELEASE WHERE YOU HAVE

7  TO FOLLOW CERTAIN RULES AND CONDITIONS.

8          DO YOU UNDERSTAND THAT IF YOU VIOLATE ANY RULE OR

9  CONDITION OF SUPERVISED RELEASE, YOU CAN BE SENT BACK OR SENT

10  TO PRISON FOR THE ENTIRE TERM THAT SUPERVISED RELEASE IS PART

11  OF YOUR SENTENCE?

12          THE DEFENDANT:  I UNDERSTAND.

13          THE COURT:  DO YOU UNDERSTAND, ALSO, THAT IF I CHOOSE

14  NOT TO FOLLOW THE GOVERNMENT'S RECOMMENDATIONS IN THIS CASE,

15  WHETHER IT'S ONE RECOMMENDATION OR ALL OR ANY COMBINATION, YOU

16  ARE STILL BOUND BY YOUR GUILTY PLEA AND NOT ABLE TO WITHDRAW IT

17  ON THAT BASIS?

18          THE DEFENDANT:  I UNDERSTAND.

19          THE COURT:  I'M NOW GOING TO ASK MS. SCHULMAN TO TELL

20  US WHAT SHE EXPECTS THE EVIDENCE WOULD SHOW IF THIS CASE WENT

21  TO TRIAL.  YOU WILL NEED TO LISTEN CAREFULLY, BECAUSE WHEN SHE

22  FINISHES, I'M GOING TO ASK WHETHER OR NOT YOU AGREE WITH THE

23  FACTS AS SHE PRESENTS THEM.

24          AND I ALWAYS ENCOURAGE A DEFENDANT TO CONFER OR TALK

25  TO HER ATTORNEY BEFORE ANSWERING THAT.  AND SOMETIMES

1   DEFENDANTS PREFER TO HAVE THEIR ATTORNEY RESPOND TO THAT

2   QUESTION.

3          MS. SCHULMAN, BEFORE YOU PROCEED, REMIND ME, IS THERE

4   A STIPULATED FACTUAL BASIS HERE OR NO?

5          MS. SCHULMAN:  NO, THERE ISN'T.  BUT I DID PROVIDE IT

6   TO DEFENSE COUNSEL.

7          THE COURT:  ALL RIGHT.  YOU MAY PROCEED.

8          MS. SCHULMAN:  OKAY.  IF THIS CASE WERE TO GO TO

9   TRIAL, THE EVIDENCE WOULD SHOW BEYOND A REASONABLE DOUBT, THE

10  INVESTIGATION BEGAN IN OCTOBER 2019 WHEN THE DEFENDANT WAS

11  ARRESTED AT WALMART IN DULUTH.  WALMART SECURITY CALLED LOCAL

12  POLICE AFTER THEY SAW LIU PURCHASING AN UNUSUAL NUMBER OF GIFT

13  CARDS.

14         SHE CONSENTED TO A SEARCH OF HER CAR, WHICH FOUND

15  OVER 700 GIFT CARDS.  SHE WAS ARRESTED AT THE SCENE AND WAS

16  HELD IN CUSTODY UNTIL APRIL OF 2020.

17         LAW ENFORCEMENT WAS ABLE TO SEARCH HER CAR AND HER

18  PHONE BASED ON THE CONSENT.  THE INFORMATION ON HER PHONE

19  ENABLED THE INVESTIGATION TO IDENTIFY VICTIMS AND CONTACT THOSE

20  VICTIMS.  THE VICTIMS WERE ALL SCAM VICTIMS.

21         AND YOU SEE FROM THE INDICTMENT THAT THE SCAMS WERE

22  DIFFERENT SCAMS:  THE GRANDPARENT SCAM, THE AMAZON SCAM, THE

23  GOVERNMENT GRANT SCAM, THE SOCIAL SECURITY NUMBER SCAM.  AND I

24  CAN GIVE YOU MORE -- MORE SPECIFICS OF THOSE SCAMS IF YOU'D

25  LIKE, YOUR HONOR.

1       THE GOVERNMENT DOES NOT ALLEGE THAT MS. LIU WAS

2 DIRECTLY INVOLVED IN THE SCAMS, WHICH ARE THE SPECIFIED

3 UNLAWFUL ACTIVITY.  BUT SHE WAS IN DIRECT CONTACT WITH THE

4 SCAMMERS.  AND WE KNOW THAT BECAUSE WE FOUND TEXT MESSAGES IN

5 HER PHONE THAT PROVIDED INFORMATION ABOUT CHECKS OR WIRE

6 DEPOSITS THAT SHE WAS GOING TO RECEIVE.

7       THE DEFENDANT HAD A BUSINESS BANK ACCOUNT AT CHASE

8 BANK IN THE NAME A&J COMMERCIAL SERVICES.  THAT'S A BUSINESS

9 THAT SHE REGISTERED IN THE STATE OF TEXAS, BUT THAT BUSINESS

10 WAS DISSOLVED IN JANUARY OF 2019.

11       SHE ALSO HAD A PERSONAL CHASE ACCOUNT.  ALL OF THE

12 VICTIMS INTERVIEWED SENT CHECKS, POSTAL MONEY ORDERS, OR WIRED

13 MONEY TO EITHER THE A&J COMMERCIAL SERVICES ACCOUNT OR TO LIU'S

14 PERSONAL CHASE BANK ACCOUNT AT THE DIRECTION OF THE SCAMMERS,

15 OR THEY WERE DIRECTED TO PURCHASE GIFT CARDS AND GIVE THE

16 SCAMMER THE PIN INFORMATION TO ACCESS THE CARD.  LIU THEN USED

17 THAT INFORMATION TO PURCHASE OTHER CARDS.

18       THIS IS WHAT HAPPENED.  THIS WOULD OFTEN HAPPEN ON

19 THE SAME DAY AS THE -- THE VICTIM WOULD PURCHASE A GIFT CARD

20 AND GIVE THE PIN INFORMATION TO THE CALLER.  THE SAME DAY, MS.

21 LIU WOULD USE THAT INFORMATION AND PURCHASE OTHER CARDS WITH

22 IT.

23       SO, FOR EXAMPLE, IN THE INDICTMENT IN COUNT SEVEN,

24 SHE PURCHASED A GIFT CARD.  THE VICTIM IN COUNT SEVEN PURCHASED

25 A GIFT CARD ON SEPTEMBER 9TH, 2019, IN THE STATE OF WASHINGTON.

1    AND ON THAT SAME DATE, MS. LIU USED THAT INFORMATION TO

2    PURCHASE OTHER CARDS ACROSS THE COUNTRY.

3            THANK YOU.

4            THE COURT:  THANK YOU.

5            AND JUST FOR THE RECORD, AND YOU MAY HAVE SAID IT --

6    I'M SURE YOU DID -- DULUTH IS IN THE NORTHERN DISTRICT OF

7    GEORGIA?

8            MS. SCHULMAN:  YES, YOUR HONOR.  I DID NOT SAY IT.  I

9    APOLOGIZE.  BUT, YES, IT IS.

10           THE COURT:  THAT'S OKAY.

11           ALL RIGHT.  MS. LIU, YOU HAVE HEARD THE FACTS JUST

12    NOW PRESENTED BY THE GOVERNMENT.  AFTER CONFERRING WITH YOUR

13    ATTORNEY, DO YOU AGREE WITH THOSE FACTS AS PRESENTED?

14           MR. CHARTASH:  YOUR HONOR?

15           THE COURT:  YES.

16           MR. CHARTASH:  TO CLARIFY A COUPLE OF POINTS RELATED

17    TO THE FACTS, YOUR HONOR, JUST TO EMPHASIZE, MS. LIU WAS NOT

18    INVOLVED AT ALL IN THE UNDERLYING SCAMS THAT IDENTIFIED IN THE

19    INDICTMENT.

20           YOUR HONOR, MS. LIU AGREES THAT SHE WAS -- SHE -- SHE

21    ADMITS, I SHOULD SAY, THAT SHE WAS WILLFULLY BLIND -- YOU CAN

22    INTERPRET -- THAT SHE RECKLESSLY IGNORED, YOUR HONOR, LEARNING

23    AND INVESTIGATING THE SOURCE OF THE FUNDS.  AND SHE DID USE

24    THOSE FUNDS TO CONDUCT FINANCIAL TRANSACTIONS.

25           SHE -- SHE SHOULD HAVE KNOWN AND SHOULD HAVE

1   LOOKED -- AND SHE LOOKED THE OTHER WAY AS TO THE SOURCE OF THE

2   FUNDS.

3            WE BELIEVE, YOUR HONOR, THAT THAT IS SUFFICIENT

4   FACTUAL BASIS TO SUPPORT THE INTENT ELEMENT NECESSARY FOR THE

5   CONSPIRACY TO COMMIT MONEY LAUNDERING.

6            THE COURT:  I FEEL THAT, BASED ON THAT CLARIFICATION,

7   THERE STILL IS A FACTUAL BASIS SUFFICIENT TO SUPPORT A GUILTY

8   PLEA IN THIS CASE.  HOWEVER, I STILL WILL ALLOW THE GOVERNMENT

9   ANY OPPORTUNITY, IF YOU'D LIKE, TO RESPOND, IF YOU FEEL YOU

10  NEED TO.

11           MS. SCHULMAN:  I'LL SAVE THAT FOR SENTENCING, YOUR

12  HONOR.

13           THE COURT:  ALL RIGHT.

14           ALL RIGHT.  SO, MS. LIU, TO THE CHARGE OF CONSPIRACY

15  TO LAUNDER MONEY AS SET FORTH IN COUNT ONE OF THE INDICTMENT,

16  WHAT IS YOUR PLEA?

17           THE DEFENDANT:  I PLEAD GUILTY.

18           THE COURT:  AND ARE YOU ENTERING THIS GUILTY PLEA

19  BECAUSE YOU ARE IN FACT OR ACTUALLY GUILTY OF THIS CHARGE?

20           THE DEFENDANT:  YES.  THAT'S THE FACT.

21           THE COURT:  ALL RIGHT.  I DO FIND THAT THERE IS A

22  FACTUAL BASIS SUFFICIENT TO SUPPORT YOUR GUILTY PLEA.  ALSO,

23  THE MANNER IN WHICH YOU HAVE COMMUNICATED WITH ME TODAY, EVEN

24  THROUGH THE INTERPRETER AND YOUR ATTORNEYS, LEADS ME TO BELIEVE

25  YOU UNDERSTAND THE NATURE OF THE PLEA THAT YOU'RE ENTERING.

1    I THEREFORE ACCEPT YOUR GUILTY PLEA.  I ALSO FIND IT

2  HAS BEEN ENTERED FREELY AND VOLUNTARILY.

3    DO YOU HAVE ANY QUESTIONS FOR THE COURT AT THIS TIME?

4    THE DEFENDANT:  THERE'S NONE.

5    THE COURT:  ALL RIGHT.  THEN I HAVE SET SENTENCING

6  FOR -- AND, MS. BECK, YOU CORRECT ME IF I'M WRONG -- THURSDAY,

7  JUNE 16TH, 2022, AT 9:00 A.M.?

8    THE COURTROOM DEPUTY:  I HAVE JUNE 16TH AT 9:00 A.M.?

9  IS THAT WHAT YOU SAID?

10    THE COURT:  YES.

11    THE COURTROOM DEPUTY:  YES, MA'AM.

12    THE COURT:  CERTAINLY IF THERE IS ANY CONFLICT WITH

13  THAT SETTING, JUST CONTACT MS. BECK BY E-MAIL OR FILE A MOTION.

14    MS. SCHULMAN, REMIND ME OF THIS, WAS THIS CASE IN

15  BENCH WARRANT, THIS DEFENDANT IN BENCH WARRANT FOR SOME TIME?

16  I KNOW THAT THERE WAS SOME LAG, BUT I CAN'T REMEMBER EXACTLY

17  WHAT IT WAS.

18    MS. SCHULMAN:  YES.  THIS DEFENDANT FLED AND WENT TO

19  MEXICO AND WAS ARRESTED AT THE MEXICO BORDER.  AND THERE WAS A

20  WARRANT OUT FOR HER ARREST BASED ON A REVOCATION.

21    THE COURT:  ALL RIGHT.  IS THERE ANYTHING ELSE AT

22  THIS TIME ON BEHALF OF MS. LIU, MR. CHARTASH?

23    MR. CHARTASH:  NO, YOUR HONOR.  THERE'S NOTHING ELSE

24  AT THIS TIME.

25    THE COURT:  ALL RIGHT.  IS THERE ANYTHING ELSE ON

1    BEHALF OF THE GOVERNMENT AT THIS TIME, MS. SCHULMAN?

2            MS. SCHULMAN:  NO, YOUR HONOR.

3            THE COURT:  OKAY.  ALL RIGHT.  WELL, THANK YOU SO

4    MUCH.

5            AGAIN, MR. LI, THANK YOU FOR YOUR INTERPRETATION.

6    WE'LL MAKE SURE THAT WHEN WE SCHEDULE IT FOR SENTENCING -- WE

7    HAVE SCHEDULED IT, BUT WE WON'T SCHEDULE ANYTHING ELSE RIGHT

8    AFTER IT SO THAT WE'LL HAVE PLENTY OF TIME SO THAT WE CAN -- WE

9    WON'T HAVE TO RUSH THROUGH INTERPRETATION.

10           SO I APPRECIATE EVERYBODY'S PATIENCE.  SO THANK YOU

11   SO MUCH.  WE'RE ADJOURNED.

12           THE COURTROOM SECURITY OFFICER:  ALL RISE.

13                   (PROCEEDINGS CONCLUDED AT 2:27 P.M.)

14                       -  -  -

15

16

17

18

19

20

21

22

23

24

25

1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF GEORGIA

3   <u>CERTIFICATE OF REPORTER</u>

4

5

6        I DO HEREBY CERTIFY THAT THE FOREGOING PAGES ARE A

7   TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN DOWN BY

8   ME IN THE CASE AFORESAID.

9        THIS, THE 1ST DAY OF JUNE, 2022.

10

11

12

13                       /S/ *ELIZABETH G. COHN*
                                   _____

14                       ELIZABETH G. COHN, RMR, CRR
                      OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25