# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> **JIANJIE LIU** | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: **1:20-CR-00208-ELR-1** <br> USM Number: **73242-019** <br><br> <u>David M. Chaiken & Randy Scott Chartash</u> <br> Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to **COUNT ONE**.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | October 2019 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

August 24, 2022
Date of Imposition of Judgment

*Eleanor L. Ross*
Signature of Judge

ELEANOR L. ROSS, U. S. DISTRICT JUDGE
Name and Title of Judge

August 30, 2022
Date

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **THIRTY-ONE (31) MONTHS.**

The defendant is remanded to the custody of the United States Marshal.

You must immediately report to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed. If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ To _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

DEPUTY UNITED STATES MARSHAL

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____ Date _____

USPO's Signature _____ Date _____

# SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must immediately report to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed. If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter.  If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.

You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must pay any ordered financial penalties in accordance with the Schedule of Payments sheet of the Judgment. Payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303. Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $200 monthly to U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Judgment in a Criminal Case  
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

The defendant shall pay to the United States a special assessment of **$100.00,** which shall be due immediately.

**Special Assessment**

TOTAL      **$100.00**

**Fine**

TOTAL      **WAIVED**

**Restitution**

TOTAL      **$138,700.00**

Defendant must make restitution in the amount of $138,700.00. Restitution shall be paid in full immediately. Restitution shall be paid to the United States District Court Clerk for distribution to the victims listed in the Victim Impact Section of the report. Restitution payments must be made to: Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss***** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Victim addresses to be submitted under separate cover. | | | |
| **TOTALS** | **$138,700.00** | **$138,700.00** | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:  The interest requirement is waived for the restitution.

If not paid in full immediately, the defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $250.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

# FORFEITURE

It is ordered that all of the defendant's right, title and interest in the property identified in the Consent Order of Forfeiture [Doc. 91] dated August 24, 2022, which is hereby incorporated by reference, is forfeited.

---

\*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.



FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 24 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIANJIE LIU | Criminal Action No.<br>1:20-CR-208-ELR-JSA |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

Jianjie Liu, has pled guilty to Count One of the Indictment, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 982(a)(1). This Court has determined that the property described below is subject to forfeiture pursuant thereto, that the Government has established the requisite nexus between said property and the offense charged in Count One of the Indictment, and that the Defendant has consented to this Consent Preliminary Order of Forfeiture becoming final as to her, being made a part of her sentence and being included in the judgment against her;

ACCORDING, IT IS HEREBY ORDERED that Jianjie Liu shall forfeit to the United States the following property pursuant to 18 U.S.C. § 982(a)(1):

a. $69,560.63 seized from J.P. Morgan Chase account no. XXXXX5887 held in the name of A&J Commercial Services, Inc.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant, but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this 24th day of August, 2022.

*Eleanor L. Ross*
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

Submitted by:

*Diane C. Schulman*
Diane C. Schulman
Special Assistant United States Attorney

Consented to:

*Randy Chartash*
Randy Chartash
Attorney for Defendant
Georgia Bar No. 121760
Chartash Law, LLC
3151 Maple Drive
Atlanta, Georgia 30305
(404)365-3884
randy@chartashlaw.com